**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  2:16-mj-534 |
| | : | 2:16-cr-222 |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE KEMP |
| | : | |
| | : | **GOVERNMENT'S SUPPLEMENTAL** |
| AARON T. DANIELS, | : | **BRIEFING IN SUPPORT OF** |
|   a/k/a Harun Muhammad, | : | **DEFENDANT'S CONTINUED** |
|   a/k/a Abu Yusuf, | : | **DETENTION** |
| | : | |
| Defendant. | | |

The United States, by and through the undersigned attorneys, hereby submits this supplemental briefing in support of the continued detention of Defendant Aaron T. Daniels, a/k/a Harun Muhammad, a/k/a Abu Yusuf ("Defendant" or "Daniels").  As set forth in the case law and case examples below, it is entirely appropriate and supported by the pretrial detention statutes for this Court to find that no condition or combination of conditions will reasonably assure (1) the appearance of Defendant as required; and (2) the safety of the community.

**I.     Introduction**

On November 7, 2016, Defendant was arrested at the airport in Columbus, Ohio as he attempted to check-in for a flight he previously booked to Trinidad, which was the beginning of his journey to Libya to fight with the Islamic State of Iraq and the Levant (ISIL) – one of the deadliest terrorist organizations in the world.  A criminal complaint followed that same day, alleging that Daniels provided or attempted to provide material support to ISIL, in violation of

18 U.S.C. § 2339B.  At Defendant's initial appearance, the United States requested detention and a detention hearing was scheduled for November 10, 2016.

On November 10, 2016, prior to the detention hearing, a federal grand jury returned a two-count Indictment charging Daniels with providing and attempting to provide material support and resources to ISIL by way of both monetary support and personnel, in violation of 18 U.S.C. § 2339B.  At the detention hearing, and as set forth in greater detail below, the United States proffered the facts in the criminal complaint affidavit, the Indictment and those in the pretrial services report in making its arguments for detention.  Defendant attempted to rebut the presumption of detention through his mother's testimony and willingness to abide by any conditions set by the Court.  At the conclusion of the hearing, the Court invited the government to brief the issue of whether other similarly situated defendants have also been detained pending trial as the alleged conduct and violations are not necessarily commonplace in this district.

**II.     Applicable Law**

As discussed herein, because the defendant has been charged with a federal crime of terrorism he is presumed to be both a danger to the community and a flight risk – accordingly, he should be detained pending trial.  A defendant may be detained pending trial where the United States shows "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person of the community."  18 U.S.C. § 3142(e) and (f).  Detention can be based on either of the following: (1) that, beyond a preponderance of the evidence, the defendant poses a risk of flight; or (2) that, by clear and convincing evidence, the defendant poses a risk to the safety of any person or the community.  18 U.S.C. § 3142(f).  Congress has also created a rebuttable presumption that detention is appropriate

in cases where, such as here, defendant has been charged with certain offenses. 18 U.S.C. § 3142(e)(3).

Defendant has been charged by the grand jury with providing and attempting to provide material support to a designated terrorist organization in violation of 18 U.S.C. § 2339B. Pursuant to Section 3142(e)(3), once probable cause has been established that certain crimes were committed, a rebuttable presumption is established that "no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of the community...." 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. *United States v. Hazime*, 762 F.2d 34, 37 (6thCir. 1985). The statute lists as "presumption" crimes any offense listed in 18 U.S.C. § 2332b(g)(5)(B) that is punishable by a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e)(3)(c). Section 2339B is listed in section 2332b(g)(5)(B) and is punishable by a maximum term of imprisonment of twenty years. 18 U.S.C. § 2339B. In this case, Defendant has been indicted by a grand jury for two-counts of violating 18 U.S.C. § 2339B, and thus, the government has fulfilled its burden to establish the presumption in favor of detention.

Section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant satisfies his burden of production only when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Id*.

Even if a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. (*citing United States v. Mercedes*, 254 F.3d 433, 436 (2nd Cir. 2001). As

3

the Sixth Circuit has explained, "[t]he presumption remains as a factor because it…reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*. at 945-46; *see United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir.1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions.").

The following four factors should also be considered by courts when assessing whether detention is appropriate: (1) the nature and circumstances of the offense charge, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Analysis of these factors compels the conclusion that Defendant's continued detention is appropriate.

### III. Case Examples

Persons who attempt to travel overseas to provide themselves as personnel to foreign terrorist organizations are routinely detained pending trial as both flight risks and dangers to the community. *See e.g.*, *United States v. Saleh*, Case No. 1:15-cr-517 (E.D.N.Y.) (defendant was

4

detained after being arrested for providing material support to ISIL, specifically sending $500 in funds and attempting to travel to Turkey); *United States v. Wolfe*, Case Nos. 1:14-cr-213 (W.D. TX) (defendant, aged 24, was detained after planning to travel to the Middle East to provide material support to ISIL and was arrested on the jet-way as he attempted to board a flight to Toronto, Canada); *United States v. Khan*, Case No. 1:14-cr-564 (N.D. IL) (defendant, aged 19, was detained after attempting to travel overseas to join a foreign terrorist organization operating inside Iraq and Syria and arrested at O'Hare International Airport before he attempted to fly to Austria on his way to Turkey); *United States v. Brown, et al.*, Case No. 5:14-cr-00058 (E.D.N.C.) (defendants, aged 21 and 22, were arrested for conspiracy to provide material support terrorists; one defendant was arrested at the airport prior to boarding a flight with a final destination of Turkey); *United States v. Elhuzayel, et al.*,Case No. 8:15-cr-60 (C.D. CA) (defendants were detained after arrest for conspiring to provide themselves and others as fighters for ISIL and had attempted to fly overseas to accomplish this purpose); *United States v. Edmonds, et al.*, Case No. 15-cr-149 (N.D. IL) (defendants, aged 22 and 29, were detained after conspiring to providing material support to ISIL; one defendant was arrested at the airport attempting to fly to Cairo, Egypt and the other arrested at his home); *United States v. Musleh*, Case No. 1:16-cr-190 (S.D. IN) (defendant, aged 18, was detained after attempting to provide material support to ISIL and was arrested while attempting to board a bus from Indianapolis to New York, where he was to fly to and transit through Morocco on his way to ISIL-controlled territory); *United States v. Tounisi*, Case No. 1:13-cr-328 (N.D. IL) (defendant, aged 18, was detained after planning to travel to Syria in order to join a jihadist militant group operating in Syria and was arrested at the airport as he attempted to board a flight destined for Turkey); *United States v. Saadeh*, Case No. 2:15-cr-558 (D.N.J.) (defendant, aged 23, was detained after arrest for conspiring to provide material support

5

to ISIL); *United States v. Juraboev, et al.*, Case No. 15-m-172 (E.D.N.Y.) (defendants were detained after conspiring to provide material support to al-Qa'ida in Iraq and attempting to travel to Turkey).

Additionally, *United States v. Sheikh*, where the defendant was also charged with attempting to provide material support to a designated terrorist organization, namely, al-Qa'ida in Iraq, may be particularly helpful to the Court's consideration in this matter. *United States v. Sheikh*, 994 F.Supp.2d 736 (E.D.N.C. 2014). At his detention hearing, Sheikh proffered the testimony of family members with whom he lived during the relevant time frame of the offense as potential third-party custodians; additionally, his mother testified about Sheikh's depression. *Id*. at 739-40. As the court rightly noted, Sheikh:

> was living under the roof of his proposed third-party custodian when he committed the charged offense. Further, his family members admitted they were unaware of the conversations and conduct performed by defendant online which constitutes a large portion of the activity making up the crime alleged against him. Defendant's mother's testimony focused on his depression issues and served to try to mitigate the misconduct of her son rather than to rebut the presumption of detention.

*Id*. The court ultimately concluded that this evidence was not sufficient to rebut the presumption of detention. *Id*.

Likewise, Defendant's mother testified that she would be willing to have Daniels reside with her pending trial. As the United States highlighted – and Daniels' mother admitted – she also was unaware of Defendant's conversations and conduct online, which constitute a large portion of the activity making up the crime alleged against him. Defendant's mother also denied any prior knowledge of Daniels sending $250.00 to an ISIL operative or leaving for the airport to ultimately travel to Libya to join ISIL. The focus of her testimony was on Defendant's suspected mental

health issues – though like Sheikh's mother, it appears her testimony served more to try to mitigate Defendant's conduct than rebut the presumption of detention.

In reviewing the statutory factors for consideration, the court in *Sheikh* noted that the nature of the offense charged is very serious, especially considering that "Congress itself recognized the serious nature of terrorism by specifically compelling courts to consider whether the alleged crime is a 'Federal crime of terrorism'." *Id*. at 740; 18 U.S.C. § 3142(g)(1). Concluding that "the allegation of such a crime weighs heavily against the defendant," and in favor of continued detention, the court explained that Sheikh sought to provide support in the form of personnel, including himself, and that "he was eager to join violent jihad, that he wished to die as a martyr, that he would be willing to do anything for the mujahideen, that he desired weapons training, and that he was ready to fight." *Id*. Sheikh also attempted to travel overseas in order to achieve those desires immediately prior to his arrest.

Defendant Daniels is charged with the very same offense conduct – and then some – as the defendant in *Sheikh*. Defendant is charged not only with seeking to provide himself as material support, but also with having sent funds to an ISIL operative as material support. As the complaint alleged, for more than a year, Defendant also had expressed an interest in engaging in violent jihad through electronic communications with others as well as Defendant's communications with the FBI UCE. Finally, Defendant also attempted to travel overseas in order to achieve those desires immediately prior to his arrest. Daniels had purchased an airplane ticket for travel through Trinidad and, ultimately, wanted to go to Libya to join ISIL. This factor also weighs heavily in favor of Defendant's continued detention.

With respect to the weight of the evidence, the court in *Sheikh* highlighted the fact that records were obtained as part of the investigation from such sources as Facebook, Skype, and Time

7

Warner Cable, which confirmed that defendant was the user of certain online accounts used to make relevant statements to FBI sources about his desires to join and fight on behalf of al-Nusrah. *Id*. at 740-41. According to the FBI agent that also testified, Sheikh had devised a plan with the online covert employee to accomplish these things and travel to Syria. *Id*. On the day of Sheikh's arrest, he had traveled to the Raleigh/Durham International Airport where he was prepared to fly to Lebanon and then be smuggled into Syria. *Id*. The court said that the "weight of this expansive evidence is heavy and weighs in favor of defendant's continued detention."

Similarly, the weight of the evidence against Defendant is also very strong. As illustrated in the criminal complaint, Western Union and other financial records establish that Defendant's bank account funded the $250.00 wire transfer of funds to an ISIL operative. Defendant's own statements to the FBI UCE confirm that the purpose of the funds, which were provided before any interaction with the FBI, was to show his commitment to jihad on ISIL's behalf. Continued communications with the FBI UCE demonstrate Defendant's ongoing commitment to violent jihad overseas – a desire Defendant was finally able to act upon when he purchased a plane ticket to travel on November 7, 2016 to Trinidad, and ultimately Libya. Defendant clearly identified for the FBI UCE the fact that he wanted to travel to Libya, that he was following the advice of the ISIL operative whom he had previously sent funds and that his decision to travel to Trinidad first was to evade law enforcement. Finally, the evidence is clear – and captured in photographs – that Defendant walked to the airport on November 7, 2016 and attempted to check-in for his flight to Trinidad before being arrested by authorities. Subsequently, Defendant admitted to both the provision of monetary funds and his intent to travel to Libya to join ISIL. This factor, therefore, also weighs heavily on favor of Defendant's continued detention.

Like Defendant Daniels, Sheikh also had no prior criminal record, but as the court in *Sheikh* noted, "that is not the only consideration" when looking at the history and characteristics of the defendant. *Id*. at 741. Sheikh's mother described her son as being in need of a psychiatrist and that she believed he had depression. Sheikh had also surrendered his passport and held no job. *Id*. The court found this factor to also weigh in favor of detention.

This Court could easily reach the same conclusion here as Daniels' mother testified to concerns over her son's mental health, which have gone undiagnosed. Moreover, Daniels is unemployed and based on the mother's work schedule, would be home alone for certain periods of time unsupervised.

Finally, the court in *Sheikh* found the defendant posed a danger not only to those in his immediate community, but also to foreign communities were he to flee the United States. *Id*. (*citing United States v. Hir*, 517 F.3d 1081, 1088 (9th Cir. 2008) (finding danger to foreign communities an appropriate consideration as well for bail purposes)). In this case, the returned Indictment and evidence submitted at the detention hearing show that Daniels attempted to travel abroad with the intent to engage in violence on behalf of ISIL. Defendant, thus, poses a risk of danger to the community if released.

### IV. Conclusion

The primary basis of Defendant's argument for release was based on his apparent willingness to follow any orders imposed by the Court. This simply does not overcome the presumption of detention – and even if it did, the statutory factors for this Court's consideration weigh heavily in favor of detention. Defendant is charged with providing and attempting to provide material support to ISIL so that he may engage in violent jihad overseas. The evidence is

9

strong that Daniels sent $250 to an ISIL operative to prove his commitment and that he attempted to travel to Libya to join ISIL – importantly, in a manner that was designed to evade law enforcement. Defendant, like other courts have found in similar situations, is a flight risk and a danger to communities here and abroad and should be detained pending trial.

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    s/Jessica W. Knight
    JESSICA W. KNIGHT (0086615)
    Assistant United States Attorney
    303 Marconi Blvd. Ste. 200
    Columbus, Ohio 45213
    Office: (614) 469-5715
    Fax: (614) 469-5653
    E-mail: Jessica.Knight@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing government's supplemental briefing in support of defendant's continued detention was served this 14th day of November 2016, electronically on all counsel of record.

    s/Jessica W. Knight
    JESSICA W. KNIGHT (0086615)
    Assistant United States Attorney