**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| Plaintiff, | : | Case No. | 2:16-CR-222 |
| | | | 2:16-MJ-534 |
| vs. | : | | |
| AARON T. DANIELS, | : | JUDGE KEMP | |
| a/k/a Harun Muhammad | | | |
| a/k/a Abu Yusuf, | : | | |
| Defendant. | | | |
| | : | | |

**DEFENDANT'S SUPPLEMENTAL BRIEFING IN OPPOSITION
OF DEFENDANT'S CONTINUED DETENTION**

**NOW INTO COURT** comes the defendant Aaron T. Daniels through his counsel of record, George Chaney, Jr. and moves this Court for an order allowing the defendant to be released from custody on terms and conditions that include, the defendant surrender of his U.S. Passport and not seek a new Passport during the term of his pretrial supervision, that the defendant be placed on Home Detention at his mother's residence with Electronic Monitoring, that defendant participate in court approved mental health counseling and treatment and take any prescribed medications, that the defendant be prohibited from using computers, telephones or any other electronic devices that are capable of accessing the internet without prior approval from U.S. Pretrial Services and that the defendant is expressly prohibited from possessing any weapons.

The government has sought to have the defendant detained pending trial, relying on the provisions of 18 U.S.C. 3142 (e) and (f) and its rebuttable presumption of danger and flight, suggesting that there are no conditions or combination of conditions that will reasonable assure

his appearance and the safety of others in the community. The government has asserted that the defendant intended to fly to Libya to fight with the Islamic State of Iraq (ISIL), based on his arrest at the Columbus Airport on November 7, 2016.  The government has asserted in its filing, without corroborating evidence such as travel itineraries or airplane tickets, that Mr. Daniels flight to Trinidad was the first leg on a journey to Libya to join ISIL.

The government did not provide testimony from any law enforcement personnel or any other person at the detention hearing that Mr. Daniels had either the knowledge or financial ability to get to Libya.  Instead they have sought to use very limited statements culled from an undercover operatives conversations with Mr. Daniels as proof of his intention to engage in jihad.  The affidavit that was attached to the original criminal complaint did not detail any threats or plots made by Mr. Daniels to harm anyone in either Ohio or anywhere else in the world.  The government has relied on $250.00 sent via western union to an unnamed individual in Beirut, Lebanon as the basis for their Material support allegation.

They have not however, disclosed what role their informant, or others acting in concert with the government, had in advising and/or counseling Mr. Daniels to send the funds to Lebanon.  Since no discovery has yet been provided to the defense, it is difficult to demonstrate or detail when and who may have influenced Mr. Daniels to take that action.  Based on defense counsel's review of similar terrorism cases around the country, it is not uncommon for defendant's to raise entrapment defenses, based on aggressive government actions, including providing information, directions and even money to assist individuals without necessary knowledge or financial resources to carry out a terrorist act.  Government overreach has also resulted in acquittals in what they had previously described as major terrorism cases.

### *Mr. Daniels is not a flight risk*

Mr. Daniels was arrested and detained on November 7, 2016.  The government, based largely on communications between Mr. Daniels and an undercover agent stopped Mr. Daniels from boarding a United Airlines flight from Columbus, Ohio to Houston, Texas, where he was scheduled to travel on to Port of Spain, Trinidad and Tobago. The government did not find any plane tickets or itineraries for further travel from Trinidad to Libya, which they have asserted was his ultimate destination.  The government has not and cannot show through credible evidence that Mr. Daniels had either the financial resources or the knowledge to arrange travel into Libya. Nor have they provided this court with any information that would show that he had any relationship with individuals that were willing and/or able to connect him with operatives in ISIL.

The government has already seized Mr. Daniels' U.S. Passport.  Without a passport it would be nearly impossible for Mr. Daniels to travel to a foreign destination.  With the added pretrial condition of home detention with electronic monitoring and GPS monitoring it would be possible to track Mr. Daniels' movement while he is on pretrial release.  The court could also order that he be released to a third party custodian that could provide an additional measure of security in the form of an individual who will be designated to insure that Mr. Daniels' complies with the court's orders.  Further, with express restrictions on Mr. Daniels' use of telephones, computers and other electronic devices with internet access, the court can reduce or eliminate his ability to access or communicate with any international websites or international contacts. Finally, Mr. Daniels is unemployed and does have the financial resources to purchase even a bus ticket from Ohio, let alone an international airline ticket.

### *Mr. Daniel's is not a danger to any person or the community*

3

The government has not shown that Mr. Daniel's poses a risk to any person.  The pretrial service report prepared in connection with this case shows that Mr. Daniel's has no criminal history, not even a traffic ticket prior to his arrest on this matter.  The government elicited testimony at the detention hearing that Mr. Daniel's had possessed a knife with an 8 inch blade at some time in the past.  They did not provide any evidence that Mr. Daniel's had ever used that knife to threaten or attack any person.  They could not provide this court with even one instance, or incident, where Mr. Daniel's had acted in a violent manner.  They could not provide one witness to support their theory that Mr. Daniel's ever planned, or participated in any violent plot in Ohio or anywhere else in the world.

Mr. Daniel's has led a quiet and law abiding life.  He has not contacted or corresponded with anyone in ISIL, or any other terrorist organization.  He has not expressed allegiance to any terrorist organization, nor has he expressed any radical beliefs or opinions.  At best, he has expressed outrage regarding the treatment of Muslims in specific areas of the world.  The government cannot show one instance where he acted violently against any person in his life.  Mr. Daniel's has never attacked or hurt anyone.

The defendant has not received any military, weapons or explosives training that would make him a danger to the public. Likewise, he has not made on postings on social media, or any other place advocating or promoting violence against anyone.   The government has not given the court any statements made by the defendant that could be considered either violent or threatening.  He is not a danger as anticipated by the bail reform act. In most of the cases cited by the government in their filing, the defendant either stipulated to detention, or did not file an opposition to the government's request for pretrial detention.  The cited cases are distinguishable

4

from this case on both the facts and circumstances surrounding the defendant's prior actions and lack of involvement in planning or promoting terrorist activity.

The four factors that the Court must consider pursuant to 18 U.S. C.3142 (g) include:

(1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism;

(2) the weight of the evidence…;

(3) the history and characteristics of the person…; and

(4) the nature and seriousness of the danger that would be posed by the person's release.

All but one of these factors - the fact that this is a federal terrorism crime - mitigate in favor of Mr. Daniel's pretrial release on condition set by this court. The evidence against Mr. Daniel's is largely based on his contact with an undercover agent and may be subject to a viable entrapment defense at trial. Mr. Daniel's has no prior criminal history and has led a peaceful law-abiding life.

### *Mental health concerns may have contributed to Mr. Daniel's actions*

The defendant's mother testified that Mr. Daniel was hearing voices and reported to her that coworkers were calling him the devil in Arabic. His mother testified that she was concerned about her son but because she did not have health insurance coverage she was unable to get him a mental health evaluation. She reported that her own brother had been diagnosed with schizophrenia at around the same age that her son began to report hearing voices. Should the defendant be held in custody it is unlikely that he will be able to get medical treatment or any necessary medication to check or correct his mental condition. If he is released from custody

U.S. Probation can schedule a mental health evaluation as well as any mental health counseling or treatment required to stabilize Mr. Daniels.

The government has not and cannot show that Mr. Daniel's had any direct contact with ISIL, or any other terrorist organization, that included planning or executing a violent attack in Ohio or any other place on the planet.  Moreover, the proposed conditions would severely restrict Mr. Daniel's movement and contact with others such that any previous dangers would be eliminated. Since there are conditions, including home confinement, restrictions on his use of the internet, mental health treatment and/or counseling, that can address both the risk of flight and eliminate any danger, this court should release Mr. Daniel's from custody.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

  /s /  George Chaney, Jr.
George Chaney, Jr. (LA22215)
Assistant Federal Public Defender
Office of the Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999
George_Chaney@fd.org

Attorney for Defendant
Aaron T. Daniels

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was electronically served upon Jessica W. Knight, Assistant United States Attorney, Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, and Joseph M. Gibson, Jr., Franklin County Prosecutor's Office, 373 S. High Street, 14th Floor, Columbus, Ohio 43215, this 16th day of November, 2016.

    /s / George Chaney, Jr.
George Chaney, Jr. (LA22215)
Assistant Federal Public Defender

Attorney for Defendant
Aaron T. Daniels