```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America,            :

       Plaintiff,               : Case No. 2:16-cr-222

   v.                                :

Aaron T. Daniels,                    : CHIEF JUDGE EDMUND A. SARGUS, JR.

       Defendant.               :

                                   ORDER

    Defendant Aaron T. Daniels has been indicted on one count of knowingly attempting to provide material support and resources to a designated foreign terrorist organization (ISIL). The Court held a detention hearing in the case on November 10, 2016. After taking testimony, hearing arguments from counsel, and considering the Pretrial Services report, the Court requested further briefing. The United States filed its memorandum on November 14, 2016, and the Defendant responded two days later. This order explains why detention is appropriate in this case.

    <u>Legal Standard Applicable</u>. The United States' request for detention is based in part upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, certain offenses involving minor victims, and certain terrorism offenses, including the one for which Defendant has been indicted. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is

>     prescribed in the Controlled Substances
>     Act (2l U.S.C. 801 et seq)...[or] an
>     offense under section 924(c)...of this
>     title... [or] an offense under chapter 77
>     of this title for which a maximum term of
>     imprisonment of 20 years or more is prescribed
>     ... or an offense involving a minor
>     victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

 The proper effect to be given to this rebuttable presumption is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high

-2-

monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

At the detention hearing, the United States proffered the complaint, and Defendant did not object to the Court's consideration of the facts alleged in the complaint.  It details Defendant's actions over the past fourteen months with respect to his alleged desire to become involved in violent jihad.  Those actions included sending emails expressing his desire to travel to Afghanistan (and, later, to Syria); communicating with a known ISIL recruiter; sending $250.00 to a person in Beirut, Lebanon, who was associated with that recruiter; sending of an email in June, 2016 reflecting a suggestion that he go to Libya; buying an airline ticket to go to Trinidad and Tobago, accompanied by a

statement that this was the first leg of his journey to Libya by way of Tunisia; and arriving at the Columbus airport on November 7, 2016 to begin that journey. He was arrested at the airport and admitted to the arresting agents that his ultimate destination was Libya and he intended to join ISIL there.

According to the Pretrial Services Report, Defendant, who is 20 years old, has lived in Ohio since age three. He currently lives with his mother and a younger sister. He is a high school graduate. He has had sporadic employment over the past two years. Defendant admitted to using marijuana on a daily basis. He has no criminal history. His mother testified that he could return to her home on electronic monitoring and that she would do her best to assure his compliance with any bond conditions the Court might set, but she also works outside the home, and she expressed concern that Defendant was starting to experience mental health problems, including paranoia and hallucinations. She was unaware of his intention to join ISIL but did know that he had been in contact with persons from Saudi Arabia.

In the United States' memorandum in support of detention (Doc. 12), the United States argues that Courts routinely detain defendants who attempt to travel overseas to fight for terrorist organizations, and it cites numerous decisions which do so. It also relies heavily on the decision in United States v. Sheikh, 994 F.Supp.2d 736 (E.D.N.C. 2014), a case where the court concluded that the willingness of family members to allow a defendant to live with them was insufficient to rebut the presumption in favor of detention. Defendant, in his memorandum, argues that the United States presented no credible evidence that he was able to travel to Libya or to make connections there with ISIL fighters, and the confiscation of his passport eliminates any risk of flight. He also asserts that there is no credible evidence that he is a danger to the community, pointing out his

lack of a criminal history, the absence of any evidence that he ever committed a violent act, and the fact that he never served in the military or had any weapons training.  Additionally, he argues that mental health problems may have contributed to his actions, but that he could receive appropriate treatment if released.  He does not cite any case law in his memorandum or attempt to distinguish any of the cases cited by the United States.

This case presents a fairly stark question: is having a stable residence and no criminal record enough to justify release in a case where there is strong, credible evidence that a defendant intended to go overseas to fight with a terrorist group?  The Court concludes that, absent other unusual factors, the presumption against release is sufficiently strong to outweigh any contradictory evidence, and that Defendant ought to be detained pending trial.

The Court accepts the United States' representation that the numerous unreported decisions cited in its memorandum represent situations where defendants facing similar charges were detained.  There are other cases where such defendants have been released on bail, however, such as United States v. Al-Arian, 280 F.Supp.2d 1345 (M.D. Fla. 2003)(releasing two defendants who had strong ties to the community and against whom the evidence was comparatively weak).  The lesson derived from these decisions is that each case must be taken on its own facts, although Courts have uniformly held that terrorist activities are particularly dangerous to the community.  See Al-Arian, supra, at 1347 ("The breadth of the affected [community] here extends to nations and world regions" rather than "no more than a few victims," which is the normal situation for more routine federal crimes like drug cases.

The most persuasive rationale for detention can be found in

<u>United States v. Sheikh</u>, <u>supra</u>.  That case is almost identical to this one.  The defendant in that case had no criminal history, lived with his parents, and had his father volunteer to be a third-party custodian.  Like Mr. Daniels' mother, that defendant's family was unaware of his contact with terrorist groups.  He also had some mental health issues and, like Mr. Daniels, attempted to travel overseas to fight with a terrorist group.  The court concluded that the nature and circumstances of the offense and the weight of the evidence favored detention, findings that this Court also makes.  The <u>Sheikh</u> court further concluded that the defendant's history and characteristics, including his lack of a criminal record and the surrender of his passport, did not outweigh the negative factors.  It also determined that a willingness to go to other countries put foreign communities in danger.  Looking at these factors independently, but finding the <u>Sheikh</u> court's analysis persuasive, this Court also concludes that, taking into account all of the relevant statutory factors, detention is appropriate.  The Court adds only that a defendant who has had such a long-standing desire to fight for a group like ISIL, who has taken various substantial steps to aid that group, and who was willing to leave his country and his family to fight with ISIL in a place like Libya, presents risks that standard pretrial release conditions are really inadequate to guard against.  The risk to the community is simply too great here to justify release.  Consequently, the Court grants the United States' request for detention.

The defendant is advised of his right to seek review of this order from a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                      <u>/s/ Terence P. Kemp          </u>
                                      United States Magistrate Judge